## Case No. 15,505.

UNITED STATES v. KANSAS PAC. RY. CO.

[4 Dill. 367; [1] 2 Cent. Law J. 801; 1 N. Y. Wkly. Dig. 444.]

Circuit Court, D. Kansas. May Term, 1876.[2]

UNION PACIFIC RAILROAD—RIGHT OF GOVERNMENT TO FIVE PER CENT OF NET EARNINGS.

1. Under the act of congress of July 1, 1862 (12 Stat. 489), construing the charter of the Union Pacific Railroad Company and of the other companies therein named, the United States may recover of the companies receiving its bonds, until such bonds and interest are paid, five per cent of the net income earned after the completion of the roads.

2. Such recovery may be had in an action at law.

Demurrer to petition. The defendant, formerly the Leavenworth, Pawnee, and Western Railroad Company, was one of the roads aided by the act of congress of July 1, 1862, and the amendatory act of July 2, 1864 [13 Stat. 356], relating to the Union Pacific Railroad, and other companies therein named. Bonds of the government were delivered to the defendant as provided in said act, amounting in all, as alleged, to $6,303,000, payable in thirty years, with interest at six per cent, payable semi-annually. The de-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
[2] [Reversed in 99 U. S. 455.]

fendant's road is averred to have been completed November 2, 1869, and that since then to the 31st day of October, 1874, the net earnings of the road have amounted to $6,176,-602.60, and that five per cent of said net earnings, during said period, amount to $308,-S30.13. The act of congress of July 1, 1862, provides as follows: "Sec. 6. The grants aforesaid are made upon condition that said company shall pay said bonds at maturity, * * * and all compensation for services rendered for the government shall be applied to the payment of said bonds and interest until the whole amount is fully paid. Said company may also pay the United States, wholly or in part, in the same or other bonds, treasury notes, or other evidences of debt against the United States, to be allowed at par; and after said road is completed, until said bonds and interest are paid, at least five per cent of the net earnings of said road shall also be annually applied to the payment thereof."

This is a suit at law to recover the said five per cent of the net earnings. The petition alleges the foregoing facts, and a demand and refusal to pay. A demurrer to the petition was filed, under which the following points were made by the defendant, and argued, and submitted to the court at the May term, 1876, before MILLER, Circuit Justice, viz.: (1) That the provision of the act of 1862, set forth in the petition, does not impose any obligation on the company to pay money to the government, but is merely a directory provision, regulating the management of the internal affairs of the company. (2) That if the provision in question does create an obligation binding the company to pay a proportion of its net earnings to the government, such right is of an equitable nature, enforceable only by proceedings for account, and cannot be made the foundation of an action at common law.

The cause was taken under advisement, and at a subsequent day an order was directed to be entered overruling the demurrer, with leave to answer.

J. P. Usher and C. E. Bretherton, for the demurrer.

George R. Peck, U. S. Dist. Atty.

MILLER, Circuit Justice, in directing the entry of an order overruling the demurrer, in substance observed that he had never had any doubt that the demurrer must be overruled, but he had held it up on suggestion of counsel that the argument of the case of Union Pac. R. Co. v. U. S., on appeal from the court of claims, might involve propositions affecting this case. 91 U. S. 72. That was a suit brought by the company against the United States, to recover the one-half of the freight earned by the company for carrying mails, etc., for the United States—the government claiming that all such earnings should go to pay the interest on the government bonds. That case was recently argued in the supreme court of the United States, and nothing was developed touching the right of the government to recover the five per cent of the net income. after the completion of the road, a right given in the original charter of July 1, 1862, and which in this respect has never been repealed or modified. Let the demurrer be overruled.

Judgment accordingly.

[The case was taken on a writ of error to the supreme court, where the judgment was reversed, and the cause remanded for a new trial, Mr. Justice Strong dissenting. 99 U. S. 455.]